**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CRAIG RICHBURG,
<u>Plaintiff-Appellant,</u>

v.

MAYOR AND CITY COUNCIL OF
BALTIMORE, MARYLAND; CITY OF
BALTIMORE; BOARD OF SCHOOL
COMMISSIONERS,
<u>Defendants-Appellees,</u>

and

WALTER G. AMPREY; KURT SCHMOKE;

No. 98-1935

PHIL FARFEL, Doctor; KATHLEEN
FEELEY, Sister; CHARLES ANGELINO;
HARRINGTON; ABBEY HARRISTON;
ELIZABETH COLETTE; REDMOND,
BURGIN & CRUZ, P.A.; ALEXANDER,
BEARDEN, HAIRSTON & MARKS, LLP;
JEANETTE EVANS, Dr.; TONY HARRIS;
UNKNOWN NAMED AGENTS OF
BALTIMORE CITY PUBLIC SCHOOLS;
WBFF TV FOX 45; SINCLAIR
BROADCAST GROUP INCORPORATED,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-96-3888-MJG)

Argued: May 4, 1999

Decided: December 13, 1999

Before WIDENER, MURNAGHAN and NIEMEYER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Craig Forrest Ballew, FERGUSON, SCHETELICH &
HEFFERNAN, P.A., Baltimore, Maryland, for Appellant. William
Rowe Phelan, Jr., Principal Counsel, DEPARTMENT OF LAW, Bal-
timore, Maryland, for Appellees. **ON BRIEF:** Robert L. Ferguson,
Jr., FERGUSON, SCHETELICH & HEFFERNAN, P.A., Baltimore,
Maryland, for Appellant. Frank C. Derr, Deputy City Solicitor,
Jerome A. Nicholas, Jr., Associate Solicitor, DEPARTMENT OF
LAW, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, Craig Richburg, assigns error to the district court's
refusal to appoint counsel, pursuant to Md. Code. Ann., Educ. § 4-
104(d), to defend him, at the expense of the City, [1] against a sexual
harassment suit by a former co-worker, Jennifer Francis. We affirm.

_____

[1] We refer to the defendants collectively as the City.

2

I.

Richburg formerly served in the Baltimore City public schools as head of the Management Information Systems Department. When he assumed that position in October 1995, Miss Francis already worked in the Systems Department as Acting Procurement Manager. Miss Francis alleged that, on November 8, 1995, Richburg had her transferred from the Systems Department to the Finance Department and returned to the position of Accountant II, the position she had held prior to Acting Procurement Manager. Richburg's own tenure with the Systems Department ended in October 1996 when his position was eliminated.

Several months later, Miss Francis sued both Richburg and the Baltimore City Board of School Commissioners pursuant to Title VII of the Civil Rights Act of 1964 for sexual harassment. Miss Francis accused Richburg of requesting sexual favors from her in return for her promotion to permanent Procurement Manager. She alleged that Richburg accused her of having conducted a sexual relationship with his predecessor, Terry Laster; that Richburg squeezed her waist; and that Richburg made inappropriate comments regarding her physical appearance. Miss Francis further alleged that she refused Richburg's advances and was subsequently transferred from Richburg's department. Following that transfer, Miss Francis complained that Richburg continued to harass her by approaching her in her new location, whereupon he would whisper her name or make reference to her alleged sexual relationship with Laster.

Miss Francis sued Richburg in the district court in Francis v. Baltimore City Board of School Commissioners, Civil Action No. AMD-97-4015 (Francis), whereupon he informed the City and requested that counsel be provided to defend him. The City denied Richburg's request, and Richburg filed an Emergency Motion For Injunctive and Declaratory Relief Enforcing Plaintiff's Right to Legal Representation, which was denied by Judge Davis by letter order filed February 14, 1998.

That order related that Richburg's motion was based on his claim that he was the victim of unlawful retaliation by way of the Francis case, and that being the case, Richburg should move to amend his

3

pending law suit (this case) against the City to seek appropriate relief. Because the February 14th order in the <u>Francis</u> case, on its face, recited that Richburg should seek the same relief in his pending case (this case), it is implicit that the <u>Francis</u> order, filed February 14, 1998, was without prejudice. See <u>United States v. Lucchese</u>, 365 U.S. 290 (1961).

Next, on March 16, 1998, Richburg filed his motion in this case for injunctive and declaratory relief, seeking to require the City to appoint counsel for him in the <u>Francis</u> case under Md. Code Ann., Educ. § 4-104. The response of the City to that motion was filed March 19, 1998, and the district court decided the merits of the motion in a written memorandum and order filed May 27, 1998, which, among other things, recited that "the parties wish the court to resolve the motion on the papers filed." A.92. The statement just quoted in the district court's opinion is not refuted. The district court denied the motion, from which order this appeal is taken, we having been advised that it is the final order remaining for disposition in this case.

II.

We are of opinion that the district court correctly decided that Md. Code. Ann., Educ. § 4-104(d) did not entitle Richburg to counsel provided by the school district in this instance. Section 4-104(d) does require the school board to provide employees of a school board with counsel if the action sued on: 1) "was taken in the performance of his duties," 2) was "within the scope of his employment," 3) was "without malice," and 4) was "within his authorized official capacity." See <u>Matta v. Board of Educ. of Prince George's Co.</u>, 552 A.2d 1340, 1341 (Md. Ct. Spec. App. 1989). As the district court recognized, however, Richburg did not comply with the four, independently necessary, statutory criteria.

First, the allegations in <u>Francis</u> constituted malice as defined by the Maryland Court of Special Appeals in <u>Matta</u>. Miss Francis complained of "an intentional and unauthorized touching," as well as inappropriate comments about her physical appearance and rumors regarding her sexual relationship with another man. Further, Miss Francis' complaint included an allegation that Richburg accused her

4

of threatening other employees in a letter to the school district's chief financial officer as well as a request for punitive damages. Nothing in Miss Francis' complaint suggests that Richburg's actions were negligent in nature. See Matta, 552 A.2d at 1344 (equating merely negligent with non-malicious). Instead, Miss Francis' allegations recite intentional actions that were directed against her personally and inexcusably -- the very essence of a claim of malice under Matta. 552 A.2d at 1344.

Richburg's claim also fails under Md. Code. Ann., Educ. §4-104(d)'s requirement that the actions sued over took place within his authorized official capacity. While Miss Francis accused the school board of failing to take remedial action, there is no suggestion that the board authorized his conduct. Matta, 552 A.2d at 1345. The Matta court foreclosed that such sexually harassing conduct would be within the scope of employment. Matta, 552 A.2d at 1345. We conclude that the City had no duty to provide Richburg counsel under Md. Code. Ann., Educ. §4-104(d).

The judgment of the district court is accordingly

AFFIRMED.**2**

_____

**2** The City alternately contends the motion should have been denied because of a non-compliance with Fed. R. Civ. P. 57. There being no merit in the motion, we do not address that procedural question.

5